UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| NATHANIEL S. MARLOW, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:21-CV-156-CEA-DCP |
| UNITED STATES MARSHAL SERVICE, | ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint filed under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915A.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has not submitted the proper documents in support of his motion to proceed *in forma pauperis*. Specifically, he has not presented a certified copy of his inmate trust account for the six-month period preceding his complaint. 28 U.S.C. § 1915(a)(2). Plaintiff alleges, however, that he is housed at the Blount County Detention Center, and that officials there refuse to provide him with a certified copy of his inmate trust account despite this Court's explicit orders to do so [*See* Docs. 6 and 7]. Additionally, the Court notes that Plaintiff is a federal pretrial detainee who has been deemed indigent and appointed counsel in his criminal case [S*ee, e.g., United States of America v. Nathan S. Marlow*, 3:18-CR-6-RLJ-DCP, Doc. 9]. Therefore, the Court will assume that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly,

pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the United States Attorney for the Eastern District of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. ALLEGATIONS OF COMPLAINT

Plaintiff alleges that the Blount County Detention Center has subjected him to twenty-three separate conditions of confinement that violate his constitutional rights [*See* Doc. 2 p. 3-8]. Plaintiff maintains that the United States Marshals Service ("the Marshals Service") is the entity that has housed him in the facility, and thus, is ultimately responsible for the conditions Plaintiff

experiences [*See id.*]. He asks the Court to award him monetary damages, force the United States Marshals Service to move him to another holding facility, and to revoke the federal housing contract with the Blount County Detention Center [*Id.* at 8].

### III. SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) (holding PLRA screening procedures apply even if plaintiff pays entire filing fee). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Courts liberally construe pro se pleadings filed in civil rights cases and "hold [them] to less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Rather, all that is required is "enough facts to state a claim to relief that is plausible

on its face." *Twombly*, 550 U.S. at 544, 570.  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Id.* Further, "formulaic [and conclusory] recitations of the elements of a . . . claim," which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

IV.     **ANALYSIS**

The Marshals Service is responsible for "the safe-keeping of any person arrested [] or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086. In carrying out its duty, the Director of the Marshals Service is broadly authorized to acquire "adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." 28 C.F.R. § 0.111(o). Courts will not interfere with the U.S. Marshal's exercise of discretion as where to place a federal pretrial detainee absent extraordinary circumstances. *See United States v. Espinoza-Arevalo*, No. 14-00332-02-CR-W-BP, 2015 WL 9598299, at *3 (W.D. Mo. Dec. 30, 2015) (recognizing that the Marshals Service has "broad authority to determine where to house it prisoners"); *Moyers v. Shudan*, No. 3:07-cv-393, 2009 WL 1813969, at *2 (E.D. Tenn. June 24, 2009) (denying the plaintiff's motion "to order the U.S. Marshals Service to house him in a detention center other than the Blount County Detention Center while plaintiff is in East Tennessee for the trial of this action," and noting that the "housing of federal prisoners pending court proceedings is within the discretion of the U.S. Marshals Service and this Court will not interfere with that discretion, absent extraordinary circumstances").

The Court finds that the U.S. Marshal's placement of Plaintiff in the Blount County Detention Center does not constitute an extraordinary circumstance warranting judicial intervention. Plaintiff does not allege, and there is no reason for the Court to infer, that the

4

Marshals Service has any input on or responsibility for the conditions Plaintiff experiences day-to-day at the Blount County Detention Center. Accordingly, Plaintiff's allegations in this complaint against the Marshals Service are frivolous and fail to state a claim upon which relief may be granted.[1]

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the United States Attorney for the Eastern District of Tennessee;

5. Because Plaintiff has failed to state a claim upon which relief may be granted under § 1983 and his allegations are frivolous, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff has a separate lawsuit pending against the Blount County Detention Center, the Blount County Sheriff, and the Chief of the Blount County Detention Center [*See Marlow v. Blount Cty. Jail, et al.*, 3:21-CV-151-DCLC-HBG].